**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

No. 01-4301

JESUS MONTERO-CASTANEDA,
  *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-00-358)

Submitted: September 25, 2001

Decided: October 17, 2001

Before WIDENER, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Benjamin H. White, Jr., United States Attorney, Arnold L. Husser, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Jesus Montero-Castaneda entered a guilty plea to illegal re-entry after deportation for an aggravated felony, 8 U.S.C. § 1326(a), (b) (West 1999). The district court departed upward from criminal history category V to category VI pursuant to *U.S. Sentencing Guidelines Manual* § 4A1.3, p.s. (2000), and imposed a sentence of 102 months imprisonment. Montero-Castaneda appeals his sentence, contending that the district court failed to explain adequately its reason for departing, and that the departure was an abuse of discretion. We affirm.

With thirteen criminal history points, Montero-Castaneda was initially placed in category VI. The probation officer suggested that the district court might want to consider an upward departure under § 4A1.3 because Montero-Castaneda had sixteen prior sentences that were not counted in his criminal history because they were beyond the applicable time period. The government requested an upward departure under § 4A1.3, noting the sixteen uncounted sentences, and arguing that Montero-Castaneda's criminal record indicated that he had a "propensity for committing crimes."

At sentencing, the government further argued that the guideline range did not adequately reflect the seriousness of Montero-Castaneda's criminal past because the sixteen uncounted prior sentences were for serious offenses, including among them burglary, drug possession, forgery, receiving stolen property, and assault. Under questioning by the district court, Montero-Castaneda denied committing the breaking and entering, despite his guilty plea, and went on to deny committing or excuse his commission of most of the other offenses to which he had pled guilty in the past.

The court then determined that a one-level upward departure was justified, stating that, "if there is ever a case that I have seen that

seems to indicate that sentencing alone is not going to have any effect on the Defendant's planned and unplanned activities, this certainly is the one." The new guideline range was 84-105 months. The court imposed a sentence of 102 months imprisonment.

When the district court decides to depart, it "should clearly identify the aggravating factors and its reasons for connecting them to the permissible grounds for departure under § 4A1.3." *United States v. Rusher*, 966 F.2d 868, 882 (4th Cir. 1992) (citation omitted). Here, Montero-Castaneda's sixteen uncounted outdated convictions were correctly identified in the presentence report as a permissible ground for departure. *See* USSG § 4A1.2, cmt. n.8 (court may consider sentence imposed outside applicable time period as basis for departure if it evidences similar, or serious dissimilar, criminal conduct). Moreover, Montero-Castaneda's long record of convictions also indicated a likelihood that he would commit more crimes in the future, a factor that the government emphasized in its sentencing memorandum. The district court obliquely referred to this factor in announcing its decision to depart. Even though the court's explanation of its decision was not as clear as it could have been, it is evident that the court implicitly adopted the reasons put forward by the probation officer and the government as justifying a departure. Because the factors underlying the court's decision were fully developed, we do not believe remand is necessary.

Montero-Castaneda also claims that the departure was an abuse of discretion, but makes no argument on this issue. He has thus abandoned the issue on appeal by failing to provide argument in his brief. *Edwards v. City of Goldsboro*, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (noting that issues not briefed or argued on appeal are deemed abandoned). Therefore, we will not address the issue.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*